Dye, J.
In this action to recover a deposit made in connection with a contract for the purchase and sale of a dwelling, the plaintiffs have a judgment in their favor entered on an order granting a motion for summary judgment (Rules Civ. Prac., rule 113).
According to the complaint, the contract of purchase and sale was conditioned on the plaintiffs’ ability to obtain a bank commitment and Federal Housing Administration (FHA) approval for an FHA mortgage in the sum of $16,250 for a period of 30 years at the prevailing rate of interest. In the event that such a mortgage commitment could not be obtained within 60 days then, on not more than 5 days’ written notice to the sellers, all moneys deposited were to be refunded and the contract deemed null and void. Before the expiration of the appointed time, the parties amended the contract to permit an alternative application for a conventional mortgage in the sum of $15,125 amortized over a period of 20 years — other conditions of the contract were not changed except as necessarily modified by change of date and cash consideration. The contract also contained a conventional type clause merging all oral understandings and *90 representations into the written contract which was deemed to contain the entire agreement. The snm of $2,125 had been deposited with the defendant as escrow agent who was also attorney for the seller, and was accepted by him ‘‘ under all of the terms and conditions ” of the contract.
When the plaintiffs’ applications to several lending institutions for a mortgage loan in the amount needed were disapproved, they demanded refund of the deposit from the escrow agent and, when refused, commenced this action against him as sole defendant. The defendant then interposed an answer denying generally the allegations of the complaint and, as an affirmative defense, alleging: ‘ ‘ That the plaintiffs, solely for the purpose of evading their just and legal obligations under and by virtue of the terms of the contract in suit, as amended, wilfully and falsely misrepresented their financial status and income, so as to prevent the issuance of the bank commitment contemplated by the agreement.” This defense was amplified by the defendant’s papers filed in opposition to the motion for summary judgment. Therein it is alleged that when the plaintiffs were told, in the course of the preliminary negotiations leading to the making of the contract, that, in order to get an FHA mortgage in the amount needed from a lending institution, an applicant would have to show an income of at least $200 per week, the plaintiff husband said in response: “ Well, we don’t have a thing to worry about. I can show easily that I earn more than that.” When, however, the plaintiffs came to make their application to several lending institutions for the desired mortgage loan, they stated their income was only about $102 per week, an amount insufficient to support a commitment in the amount needed.
It is to be noted that the defendant, in his answer, does not challenge the validity of the contract in its making, but rather he claims that the plaintiffs’ allegedly false and fraudulent representations to various lending institutions as to their true income were made for the purpose of activating the escape clause and defeating enforcement of the contract in accordance with its express terms. This distinction seems to have escaped the Special Term and the court below, since the motion was granted in reliance on the parol evidence rule against varying *91 the terms of a written contract. That rule is not now available as a basis for granting summary judgment, since it seems clear that the issue raised by the defendant’s answer is not fraud in the making but, rather, fraud in the carrying out of a concededly valid contract. Whether this defense can be established at the trial need not detain us at this time, since we deal solely with whether a judgment should issue summarily.' We think not, for the bad faith pleaded — if established • — would constitute a willful nonperformance of a condition subsequent and thus destroy plaintiffs’ right to recover the deposit. This can be satisfactorily ascertained only following a trial. It is well established that summary judgment may not be granted whenever the pleadings raise clear, well-defined and genuine issues; nor may it be granted whenever there is doubt as to the existence of a triable issue or when the issue is arguable since “ ‘ issue-finding, rather than issue-determination, is the key to the procedure ’ ” (Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395,404 [1957]). This is so because the granting of such a motion is the procedural equivalent of a trial.
This defendant may interpose the defense as pleaded because, as a stakeholder, he is bound to fulfill his duties properly and thus has an interest in the event. To that end, he has standing to compel proof of a clear right to the stake. The remedy of interpleader does not bar him from asserting defenses existing in favor of the vendor. Thus viewed, the pleadings present an issue which the defendant is entitled to litigate.
The judgment of the Appellate Division should be reversed and the motion for summary judgment should be denied, with costs in all courts.