■ MURRAY H. WISER, Doing Business as COSMO REALTY Co., Appellant, v MELVIN A. KOVAL et al., Respondents.—Order entered in the Supreme Court, New York County, on October 21, 1974 dismissing the complaint for failure to state a cause of action unanimously reversed, on the law, and the motion to dismiss denied, with $60 costs and disbursements to appellant. For several years plaintiff, an attorney, acted as managing agent for an apartment building owned by defendant Dent. In February, 1974 Dent discharged plaintiff as agent. Dent delivered a check to plaintiff to reimburse the latter for disbursements made on Dent's behalf. Payment on the check was stopped. Plaintiff then instituted an action to recover the amount of the check. Defendant Dent, represented by defendants Koval, Roth and Woods, served an answer interposing a counterclaim which charged plaintiff with having made false representations and also with having negligently managed his property. Included in the counterclaim was the following allegation: "15. That upon information and belief, the said MURRAY H. WISER has caused irreparable losses to other persons owning real property, at least 100 of which have already lost their buildings as a result of the mismanagement and fraud of plaintiff MURRAY H. WISER." Plaintiff commenced this action for damages alleging that said statement was false and defamatory, to defendants' knowledge, and that the defendants were actuated by malice in publishing same with the willful intent to injure him. Special Term, "with some constraint", dismissed the complaint ruling that the statement was absolutely privileged. The statement in question accuses plaintiff of fraud and mismanagement and is, therefore, libelous *per se* and plaintiff need not plead or prove special damages. (34 NY Jur, Libel & Slander, §§ 36–38, 40, 43.) The only question before us is whether the defendants are protected by the absolute privilege which generally attaches to statements made in the course of judicial proceedings. On this record we are unable to say as a matter of law that the statement which is the subject of this action should be accorded absolute privilege. Defendants' counterclaim is founded in negligence relative to the management of a building owned by defendant Dent. The controversy between plaintiff and defendant Dent involved a business or commercial relationship. The offending statement charges the plaintiff with the commission of a fraud upon at least 100 other, unrelated property owners. We recognize that a strong public policy underlies the doctrine of absolute privilege afforded to all pertinent statements used in connection with a lawsuit (see 35 NY Jur, Libel & Slander, § 108; *Youmans v Smith,* 153 NY 214, 220) and that the courts are liberal in applying the privilege, provided, however, that the writing is not shown to be impertinent or beyond the scope of the issues of the previous action. *(Seltzer v Fields,* 20 AD2d 60, 63, affd 14 NY2d 624.) In *Moore v Manufac-*

*turers' Nat. Bank of Troy* (123 NY 420, 426) the court said: "This privilege, however, is not a license which protects every slanderous publication or statement made in the course of judicial proceedings. It extends only to such matters as are relevant or material to the litigation, or at least it does not protect slanderous publications plainly irrelevant and impertinent, voluntarily made, and which the party making them could not reasonably have supposed to be relevant." Paragraph 15 of the counterclaim adds nothing to the cause of action there pleaded. Whether the allegation complained of was made by the defendants in good faith and without malice believing the statement to be pertinent and material to the issues between the parties or whether it was maliciously made to libel and injure the plaintiff should be decided upon a trial. *(White v Carroll,* 42 NY 161.) Concur—Stevens, P. J., Markewich, Tilzer, Lane and Nunez, JJ.