■ JULIUS TRUMP, Respondent, v LAWRENCE SAIDENBERG et al., Appellants.—Order, Supreme Court, New York County, entered March 22, 1978 and judgment entered thereon on March 31, 1978 which granted plaintiff's motion for summary judgment on his cause of action for the return of a $20,000 deposit, reversed, on the law, without costs and without disbursements, the judgment vacated, and the motion for summary judgment denied, without prejudice to renewal after an adequate opportunity for disclosure. Plaintiff sues to recover a $20,000 deposit made pursuant to a written contract of sale by defendant Lawrence Saidenberg to respondent of a certain co-operative apartment at 941 Park Avenue. It was agreed that if the sale was not approved by the co-operative, the $20,000 deposit would be returned to plaintiff. If, however, the plaintiff defaulted in his performance under the contract, the deposit was to be delivered to the defendant Saidenberg as liquidated damages. The sale was not approved. Appellant refused to permit the escrow agent to return the deposit on the ground that plaintiff, acting in bad faith, undertook to hinder, if not prevent, the co-operative's consent to the sale. In support of this claim defendants have alleged the following: First, the defendant was informed prior to and at the signing of the contract of sale that the co-operative would not approve the sale if he required financing of the purchase, confirmed that information, and stated that it made no difference because he would be able to obtain the cash from "any of the banks that we do business with." Nonetheless, it is alleged that plaintiff requested of the co-operative that he be permitted to finance purchase of the apartment. Second, it is alleged that the plaintiff submitted to the board of directors a financial statement, purporting to show assets of $1 million, that was presented in a form calculated to raise doubts about the reliability of the assertion, and further that the statement failed to disclose substantial additional assets. We are satisfied that a course of action by plaintiff designed to prevent the co-operative's consent to the sale, would, if proved, "constitute a willful nonperformance of a condition subsequent and thus destroy plaintiffs' right to recover the deposit." *(Falk v Goodman,* 7 NY2d 87, 91.) It is legally irrelevant to the issue presented that the contract of sale contained no specific representation that plaintiff would not seek financing and that it included a merger clause of a familiar kind. (Cf. *Falk v Goodman, supra.)* The more difficult question is whether the specific factual allegations presented on behalf of the defendants are sufficient to raise an issue of fact as to the defense alleged. We have concluded that enough is presented to require denial of summary judgment at this time without prejudice to renewal after plaintiff has had an opportunity to pursue discovery. (See CPLR 3212, subd [f].) Concur—Kupferman, J. P., Silverman, Fein and Sandler, JJ.; Birns, J., dissents and would affirm for the reasons stated by Helman, J., at Special Term.