■ MARION C. SCULLY, as Executrix of CARL MARTIN, Deceased, Appellant-Respondent, v GENESEE MILK PRODUCER'S COOPERATIVE, INC., et al., Respondents-Appellants. — Order unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: This is a dispute between a milk producer, plaintiff's decedent, and his co-operative and its employees. In 1977 the producer's membership in the co-operative was terminated allegedly because of the poor quality of his milk and his violent disposition. Plaintiff sued for compensatory and punitive damages, alleging causes of action for breach of contract generally, because of defendant's violation of section 42 of the Cooperative Corporations Law dealing with the method of expulsion and failure to pay for decedent's reserve fund certificates, and that the co-operative negligently expelled decedent relying upon statements of its employees which it knew or should have known were false. She also alleges that the individual defendants tortiously interfered with decedent's contract rights by making false and fraudulent statements about him. Defendants answered and asserted the four challenged counterclaims. We agree with Special Term that defendants' first counterclaim states a cause of action but only insofar as it may be construed to allege a right to liquidated damages and costs pursuant to subdivision 2 of section 70 of the Cooperative Corporations Law and the by-laws of defendant Genesee Milk Producer's Cooperative, Inc. The other statutory sections allegedly setting forth a "marketing obligation" breached by decedent imposed no obligation of performance or standard of conduct upon him beyond that required by the contract which would support a cause of action for which recovery may be had. The motion to dismiss the counterclaim alleging a cause of action for libel or slander should have been granted. The challenged allegations of the complaint were pertinent to the elements of the cause of action alleging that the individual defendants induced the breach of plaintiff's contract (see *Israel v Wood Dolson Co.,* 1 NY2d 116, 120) and therefore were absolutely privileged *(Martirano v Frost,* 25 NY2d 505; cf. *Wiser v Koval,* 50 AD2d 523). The third counterclaim seeks to recover damages for abuse of process in commencing and continuing the suit against defendants. It was properly dismissed. "It has repeatedly been held that the mere institution of a civil action which has occasioned a party trouble, inconvenience and expense of defending, will not support an action for abuse of process * * * Public policy requires that parties be permitted to avail themselves of the courts to settle their grievances and that they may do so without unnecessary exposure to a suit for damages in the event of an unsuccessful prosecution" *(Miller v Stern,* 262 App Div 5, 7). The fourth counterclaim for prima facie tort merely attempts to recover for claims of abuse of process or malicious prosecution, imperfectly pleaded, under a different legal theory. Defendants may not assert a counterclaim of prima facie tort based upon allegations that plaintiff instituted the main action for the purpose of maliciously injuring defendants *(Friedman v Roseth Corp.,* 190 Misc 742, mod on other grounds 270 App Div 988, affd 297 NY 495; see, also, *Burt v Smith,* 181 NY 1; *Belsky v Lowenthal,* 62 AD2d 319, affd 47 NY2d 820; *Miller v Stern, supra).* (Appeals from order of Monroe Supreme Court — dismiss counterclaims.) Present — Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.