■ WILBUR GOODSPEED, Respondent, v FEDELLA DOWD et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered December 5, 1979 in Albany County, which denied defendants' motion for summary judgment and granted summary judgment in favor of plaintiff. On June 22, 1977, the plaintiff and Mr. and Mrs. Eugene Heisler entered into a contract for the sale of a parcel of real property located in Rensselaer County, New York. The contract price of $20,000 was to be paid as follows: $200 deposit given to defendants as escrow agent, $4,800 cash or certified check on closing and $15,000 by either purchase-money mortgage or mortgage loan. The contract further provided: "This agreement is contingent upon Purchaser obtaining approval of a mortgage loan of $15,000. Purchaser agrees to use diligent efforts to obtain said approval. This contingency shall be deemed waived unless Purchaser shall notify Dowd Realty by certified or registered mail, return receipt requested, no later than Aug. 1, 1977 of his inability to obtain said approval. If the Purchaser so notifies, then this agreement shall be deemed cancelled, null and void and all deposits made hereunder shall be returned to Purchaser." On or about August 22, 1977 the plaintiff deposited an additional $2,000 with the defendants. The contract of sale was never closed and the plaintiff commenced an action against the defendants for return of the $2,200 deposit held by them. In the bill of particulars the plaintiff alleged that his efforts to obtain a mortgage consisted of an application to one bank in April of 1978. Special Term denied defendants' motion for summary judgment and granted summary judgment for plaintiff pursuant to CPLR 3212 (subd [b]). Special Term stated that the defendants refused to redeliver the deposit on the ground that the plaintiff breached the contract. The contract of sale pursuant to which the $2,000 deposit was made makes no provisions for such deposit. The sole penalty provided for in the contract was that the prior $200 deposit would go to the seller if the buyer did not meet a certain condition. The defendants are the real estate agents entitled to a commission if the sale was consummated. The plaintiff has alleged that he was the buyer. There is no allegation that the defendants received or hold the $2,000 deposit as security for the sellers. The defendant Fedella Dowd, in an affidavit, simply alleges "if the Defendant [plaintiff] breached the contract, the deposit monies would be forfeited." Notably, the defendants do not allege to whom the moneys were supposedly forfeited. Upon this record there is no doubt that the defendants hold money to which they are not entitled. There is no evidence of any agreement between defendants and the sellers or anyone that the $2,000 was to be held for the benefit of the sellers. The plaintiff, in an affidavit, states that the defendants were acting as his agent and that the deposit moneys were to be turned over to the sellers only if the contract of sale was consummated. However, the contract precludes a recovery of the $200 which by its terms was a down payment and was to go to the sellers on the facts herein. Unlike *Falk v Goodman* (7 NY2d 87) there is no showing that the escrow agent holds the $2,000 as the agent of the sellers or on the sellers' behalf. Further, there is an affidavit in the record that the sellers do not contemplate any legal action against the plaintiff for breach of contract of sale. Special Term, in granting summary judgment, stated: "The sellers are not making any claim to the earnest money deposited by the plaintiff. In addition, the defendants do not contend that they are entitled to the

earnest money as payment for the commission due to them by the sellers under the sales contract. Furthermore, the defendants do not allege facts constituting a special relationship whereby they would be entitled to money from the plaintiff." Order modified, on the law, by reducing the sum for which judgment is granted to $2,000 and, as so modified, affirmed, without costs. Greenblott, J. P., Main, Mikoll and Herlihy, JJ., concur.