■ KOBLENZ JEWELERS, INC., Doing Business as ORANGE BLOSSOM JEWELERS, Respondent, v INSURANCE COMPANY OF NORTH AMERICA, Appellant. — Appeal from so much of an order of the Supreme Court at Special Term (Williams, J.), entered July 21, 1981 in Albany County, as denied defendant's motion for summary judgment. Plaintiff Koblenz Jewelers, Inc., commenced this action to recover from defendant insurer under a jewelers block policy issued to it on June 29, 1979. Plaintiff claimed losses against defendant in the total amount of $164,000 resulting from two alleged armed robberies on January 12 and February 15, 1980. Defendant moved for summary judgment on the affirmative defenses that plaintiff willfully made material misrepresentations including inventory underevaluation in obtaining the policy, on which defendant relied, and that plaintiff failed to maintain a "detailed and itemized inventory" required by a policy condition. Plaintiff moved for partial summary judgment under CPLR 3212 (subd [b]) on the ground that defendant waived its right to raise misrepresentations because it paid an earlier 1979 robbery claim by plaintiff on the same policy without protest. Special Term denied the motions for summary judgment and for partial summary judgment. Defendant appeals from that order. The order of denial should be affirmed. Summary judgment was properly denied. Triable issues of fact exist as to whether plaintiff's affirmations in the proposal submitted to obtain the insurance were misrepresentations and as to whether plaintiff complied with the policy condition requiring it to keep detailed itemized inventory records. Summary judgment may not be granted whenever the pleadings raise clear, well-defined and genuine issues; nor may it be granted whenever there is doubt as to the existence of a triable issue or when the issue is arguable (*Falk v Goodman,* 7 NY2d 87, 91). Defendant contends that its submission of plaintiff's 1977 tax return and a copy of plaintiff's balance sheet requires a finding that the inventory valuations in the insurance proposal, which vary substantially from the amounts disclosed in defendant's submissions, were misrepresentations. Plaintiff, however, asserts that its proof as to defendant's failure to define the terms in the proposal and its use of different valuation methods for tax as opposed to insurance purposes adequately controverts, for purposes of the instant motion, defendant's proof. We

find that plaintiff's contentions are correct. Order affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.