■ JOHN A. PICCOLO et al., Appellants, v PETER DE CARLO, Respondent, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered March 2, 1982 in Albany County, which denied plaintiffs' motion for summary judgment. In their complaint, plaintiffs seek $1,164,500 in money damages for alleged breach of contract for the purchase and sale of four restaurants in the Albany area, and for specific performance of an agreement to deliver certain securities to be held in escrow as collateral security. Plaintiffs have appealed from Special Term's denial of their motion for summary judgment on the ground triable issues of fact existed. On June 19, 1980, defendant De Carlo formed 1980 PAF Restaurants Ltd. (PAF) to purchase plaintiffs' shares of stock in four corporations. Pursuant to the purchase contract, PAF gave plaintiffs various promissory notes and guaranteed payment of certain obligations of two of the corporations. An additional agreement

executed the same date modified a separate guarantee agreement and provided that De Carlo would place certain public securities into escrow as collateral. Plaintiffs allege that this agreement was breached by De Carlo. The complaint seeks specific performance compelling delivery of securities to the extent of $208,000. In his answer and opposing affidavit, De Carlo alleges triable issues of fact respecting fraudulent inducement, undue influence, and conflict of interest by plaintiffs' attorneys, and further denies the guarantee was personal. He also alleges lack of in personam jurisdiction. Plaintiffs make no claim against defendant Rosyln Weiss who has been joined as a necessary party. It is uncontroverted that De Carlo never delivered his shares of stock in a listed corporation as security despite demand therefor, and that at least $607,500 remains unpaid on the purchase price.[*] PAF's chapter 11 proceeding in Bankruptcy Court was dismissed and it is no longer in business, having been adjudicated bankrupt under chapter 7. Upon oral argument, plaintiffs concede that the only relief they seek is judgment against De Carlo for $208,000. Since the drastic relief of summary judgment is the equivalent of a trial (*Falk v Goodman,* 7 NY2d 87), before the motion may be granted, it must appear clearly that no triable issue of fact exists (*Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439). All that is required to defeat the motion is the identification of existing triable issues, rather than any determination upon such issues (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). Initially, a movant has the burden to set forth evidentiary facts sufficient to entitle that party to judgment as a matter of law, whereupon the burden is shifted to the opposing party to come forward with proof, again in evidentiary form, to show the existence of genuine triable issues of fact (*Greenberg v Manlon Realty,* 43 AD2d 968; *Iandoli v Lange,* 35 AD2d 793). Plaintiffs contend that the opposing affidavits fail to meet the standard of sufficiency required to defeat their motion for summary judgment. To defeat summary judgment one must lay bare in evidentiary form the evidence on which he relies (*Marine Midland Bank v Hall,* 74 AD2d 729). " ' "Bald conclusory assertions, even if believable, are not enough to [defeat summary judgment]" ' " (*Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 342, quoting *Erlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259). Defendant De Carlo argues fraudulent inducement in that plaintiffs understated the amount of Federal and State tax arrearages owed by the four restaurant corporations at time of closing, which fact he first became aware of in November, 1980 after receipt of an auditor's report. While he might better have documented this allegation by attaching copies of the auditor's report reflecting such facts or the assessments by the taxing authorities, we find defendant's allegations in the answer and opposing affidavits to be more than mere arguments, conjecture or surmise (*Gray Mfg. Co. v Pathe Ind.,* 33 AD2d 739, affd 26 NY2d 1045; *Golding v Weissman,* 35 AD2d 941). We cannot say that Special Term abused its discretion in affording defendant De Carlo the opportunity to conduct discovery proceedings pursuant to CPLR 3212 (subd [f]), wherein all of the records of plaintiffs' corporations may be examined to determine whether any understatement of taxes due was made. Defendant's inability to refute, or sustain his allegations by evidentiary proof should not be held against him on the determination of the motion (see *R.C.S. Farmers Markets Corp. v Great Amer. Ins. Co.,* 56 NY2d 918, revg 82 AD2d 1000; *Koen v Carl Co.,* 70 AD2d 695). We further find that the issue of whether the guarantee agreement was, as defendant argues, merely a hypothecation agreement, or as plaintiffs contend, an unconditional guarantee, presents a question

---

[*] In De Carlo's testimony under oath in Bankruptcy Court on September 8, 1981, he admitted nondelivery of the shares of stock in Sundance Gold Mining & Exploration, Inc., and that $607,500 of the purchase price remains unpaid.

of fact centered upon the intent of the parties. The written agreements and amendments do contain both omissions and contradictory versions, thus presenting triable issues of fact (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285). Order affirmed, without costs. Sweeney, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.

