■ CARBONIC SALES AND SERVICE, INC., Respondent, v PLAZA AT LATHAM ASSOCIATES, Appellant. — Appeal from an order of the Supreme Court at Special Term (Pitt, J.), entered December 16, 1982 in Albany County, which transferred the matter to Trial Term for an immediate hearing on an assessment of damages. Plaintiff commenced the underlying action to recover possession of equipment owned by Coca Cola, Inc., which had been leased to Freshy's Hamburgers, Inc., a lessee of certain real property owned by defendant, and money damages for unlawful detention. After Freshy's terminated business and petitioned for bankruptcy,* defendant refused plaintiff's 1981 demand for return of the equipment. Plaintiff commenced this action and moved for summary judgment asserting its right to immediate possession and control of the equipment as authorized agent for Coca Cola. Special Term granted summary judgment to plaintiff. No appeal was filed. Not having received the equipment, plaintiff moved on September 27, 1982 for an order directing an assessment of damages and to hold defendant in contempt for failing to comply with the court's previous order. In its opposing papers, defendant asserted that any delay in obtaining possession of the equipment was caused by plaintiff's own laxity in enforcing the order. Shortly thereafter, the property was recovered. By order entered December 16, 1982, Special Term transferred the matter to Trial Term for a hearing on the issues of damages and contempt. This appeal by defendant ensued. In our view, since defendant failed to raise a genuine question of fact concerning ownership, the grant of summary judgment to plaintiff was properly made. The crux of defendant's opposition was plaintiff's authorization to receive the property. Since plaintiff included among its papers documentation from Coca Cola confirming its agency status, we find sufficient evidentiary proof was tendered to warrant judgment in plaintiff's favor as a matter of law (CPLR 3212, subd [b]). It then became incumbent on defendant to demonstrate the existence of a triable issue of fact precluding repossession (see *Zuckerman v City of New York*, 49 NY2d 557, 562-563; *Piccolo v De Carlo*, 90 AD2d 609, 610). Examination of the record confirms that no such showing was made. We agree that issues of fact as to both damages and contempt remain. However, this is precisely why Special Term directed a transfer to Trial Term for purposes of a hearing. Order affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Weiss, JJ., concur.

_____

* Freshy's chapter 11 proceeding in Bankruptcy Court was dismissed by order entered April 15, 1981.