■ RAYMOND CORPORATION et al., Respondents, v COOPERS & LYBRAND, Appellant and Third-Party Plaintiff-Appellant, et al., Defendant. LEE WOLF, Third-Party Defendant-Respondent, et al., Third-Party Defendant. — Appeal from an order of the Supreme Court at Special Term (Smyk, J.), entered October 5, 1983 in Broome County, which granted plaintiffs' motion for summary judgment dismissing defendant Coopers & Lybrand's first counterclaim and granted third-party defendant Lee Wolf's motion to dismiss the third-party complaint as against him.

The Raymond Corporation (Raymond) retained Coopers & Lybrand (C & L) to prepare an audit and annual financial statement for two Illinois corporations, Associated Material Handling Industries, Inc. (Associated) and AMHI Services, Inc. (AMHI), from 1956 to 1978 to determine the value of the shares of stock of both corporations which Raymond proposed to purchase from Edward Allen, the sole stockholder. The amended complaint in this action by Raymond, Associated and AMHI against C & L and Allen alleged 12 causes of action, all predicated upon preparation of erroneous financial reports of Associated and AMHI, including breach of contract, fraud and malpractice. C & L counterclaimed against plaintiffs and commenced a third-party action individually against Benjamin Platter, the president of both Associated and AMHI, and Lee Wolf, senior vice-president and treasurer of Raymond. Following responsive pleadings, partial discovery, and C & L's unsuccessful CPLR 3211 motion to dismiss the complaint, Special Term granted plaintiffs' summary judgment motion to dismiss C & L's first counterclaim, and also granted Wolf's motion to dismiss the third-party complaint against him. C & L has appealed.

In its brief, C & L contends that although the language of the first counterclaim states that plaintiffs' action constituted a conspiracy against it, the counterclaim sets forth allegations of fact sufficient to state causes of action for negligent misrepresentation, fraudulent misrepresentation and conspiracy to defraud. We discern no error in Special Term's dismissal of the first counterclaim, which states that plaintiffs' cumulative actions "constitute a wilful and malicious conspiracy to deprive this defendant of a substantial sum of money". In New York, there is no substantive tort of conspiracy in and of itself (*Danahy v Meese,* 84 AD2d 670, 672). There must first be pleaded specific

wrongful acts which might constitute an independent tort (*Gorman v Gorman,* 88 AD2d 677, 678; *Satin v Satin,* 69 AD2d 761, 762). We find insufficient facts alleged to constitute the commission of any of the torts suggested. Moreover, a necessary element to any cause of action for fraud and misrepresentation is damages (*Ross v Preston,* 292 NY 433; *Kuelling v Lean Mfg. Co.,* 183 NY 78), and such damages must be pleaded (*Latzko v Spector,* 28 AD2d 1111, affd 22 NY2d 710). Here, the $500,000 sought as damages appears to relate solely to the commencement of this lawsuit by plaintiffs. Damages attributable solely to the existence of litigation are clearly insufficient to sustain the necessary element of damages in the first counterclaim (see *Wiener v Weintraub,* 22 NY2d 330; *Scully v Genesee Milk Producer's Coop.,* 78 AD2d 982). C & L has failed to come forward with the required proof to sustain the first counterclaim (see *Piccolo v De Carlo,* 90 AD2d 609). Nor is there merit to the argument that attorney's fees are recoverable. There is no litigation involving C & L apart from this suit (see *Matter of Rothko,* 84 Misc 2d 830, mod 56 AD2d 499, affd 43 NY2d 305).

We find that Special Term correctly granted summary judgment dismissing the first two causes of action in the third-party complaint against Wolf. These two causes of action, premised on the contention that Wolf assumed responsibility for the accuracy of the financial records and subsequently breached this responsibility, are without merit since C & L failed to set forth specific factual allegations that Wolf acted outside the scope of employment or for personal profit (see *Freyne v Xerox Corp.,* 98 AD2d 965; *Citicorp Retail Servs. v Wellington Mercantile Servs.,* 90 AD2d 532). Indeed, the agreement in which this duty was purportedly assumed was signed "Lee J. Wolf, Senior Vice President-Finance & Treasurer" below the notation "For The Raymond Corporation". This authorization is clearly representative of Wolf's corporate capacity. The conclusory allegation that Wolf "expressly assumed" responsibility for the factual accuracy of the financial representations was insufficient to establish that Wolf assumed individual responsibility.

The third cause of action is couched in terms of a negligent misrepresentation on Wolf's part that the financial records of Associated and AMHI were accurate. To substantiate such a cause of action, C & L was required to establish the existence of a duty on Wolf's part to provide correct information (*White v Guarente,* 43 NY2d 356, 362-363; *International Prods. Co. v Erie R. R. Co.,* 244 NY 331, 338-339). The existence of such a "special relationship" presents a question of fact, not to be resolved at this preliminary stage of the proceedings (see *AFA Protective*

*Systems v American Tel. & Tel. Co.,* 57 NY2d 912). Accordingly, this cause of action should not have been dismissed.

We reach a similar conclusion with respect to the fourth cause of action alleging conspiracy and prima facie tort. On appeal, C & L argues that the gravamen of this cause of action is fraud. According the pleadings a liberal construction (*Macey v New York State Elec. & Gas Corp.,* 80 AD2d 669; *Taft v Shaffer Trucking,* 52 AD2d 255, 257), we find the allegations sufficient to state a cause of action in fraud. A corporate officer may be held individually liable for his own fraudulent misrepresentations (see *Dupack v Nationwide Leisure Corp.,* 70 AD2d 568, 570; see, also, 15 NY Jur 2d, Business Relationships, § 1079, pp 352-353). Since the misrepresentations are attributed to Wolf, we conclude that the merits of this cause of action may not be disposed of summarily, particularly since C & L has not yet had an opportunity to examine Wolf on these issues.

Order modified, on the law, without costs, by reversing so much thereof as dismissed the third and fourth causes of action of the third-party complaint against Lee Wolf, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.