HUBERT A. RICHTER, Individually and as Conservator for the Property of ANTHONY BAMOND, III, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. — Mikoll, J.

Plaintiff instituted this action individually and as conservator of the injured insured, Anthony Bamond, III, to recover (1) an alleged statutory surcharge of 2% per month on all overdue first-party no-fault payments owing from defendant; (2) an unspecified sum for the unjust enrichment defendant gained from retention of interest on the sum of $100,000; and (3) counsel fees incurred in securing payment of the statutory surcharge. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action or, in the alternative, for summary judgment. Special Term denied defendant's motion, finding "legitimate issues of fact". This appeal followed.

There should be an affirmance. Contrary to defendant's suggestion, the complaint properly alleges a cause of action for a surcharge imposed by Insurance Law § 5106. We further reject defendant's argument that its proof demonstrates, as a matter of law, that a settlement agreement had been reached which discharged its obligation to pay the 2% surcharge on its overdue payments of the first-party no-fault benefits. Defendant's proof fails to establish the absence of genuine issues of material fact (*see, Piccolo v De Carlo,* 90 AD2d 609, 610). Defendant relies on a

letter to it from Bamond's attorney, dated July 14, 1981, concerning settlement of Bamond's claims. The letter does not, however, mention the 2% surcharge on the overdue payments. Thus, the question of whether the surcharge was a part of the settlement is left unanswered by the letter.

Finally, we find defendant's contention that the complaint fails to state a cause of action for counsel fees under Insurance Law § 5106, because such fees are only recoverable for securing payment of first-party benefits, to be without merit. The overdue payments bear interest which becomes part of the overdue claim. Accordingly, a cause of action for reasonable counsel fees for services rendered in securing payment of the statutory surcharge is allowable.

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.