■ SUSAN A. MAHAR, Respondent, v DANIEL P. MAHAR, Appellant. — Weiss, J. Appeal from an order of the Supreme Court at Special Term (Graves, J.), entered August 27, 1984 in Fulton County, which denied defendant's motion for summary judgment.

The parties state that on September 3, 1981, they executed a written separation agreement, bearing the date September 3, 1980, prepared at their instance by their previous attorney for the conceded purpose of enabling plaintiff to secure a conversion divorce (*see,* Domestic Relations Law § 170 [6]). In fact, a judgment of divorce in plaintiff's favor was entered December 28, 1981 (Walsh, Jr., J.), on the ground that the parties had lived separate and apart pursuant to the terms of a written separation agreement for more than one year (Domestic Relations Law § 170 [6]). The separation agreement was incorporated, but not merged, into the divorce decree. On April 28, 1982, the parties executed a written modification of the separation agreement to reflect a change of physical custody of the infant child of the marriage from plaintiff to defendant and to delete the provision for a $30 weekly payment of child support to plaintiff. On August 24, 1983, an amended judgment of divorce was entered (Walsh, Jr., J.), into which the modified separation agreement was again incorporated but not merged.

Shortly thereafter, plaintiff moved for an order vacating the amended judgment of divorce in an effort to regain custody. By order entered May 7, 1984, Special Term (Cerrito, J.), vacated both the original judgment of divorce and the amended judgment of divorce, on a finding that the parties' original separation agreement was fraudulently back-dated and thus could not form the basis for a conversion divorce. Defendant was granted leave to answer plaintiff's initial complaint for divorce, but his cross motion for summary judgment awarding him a divorce was denied with leave to renew upon proper papers. In his subsequent answer, defendant counterclaimed for a divorce on the ground that the parties had fully complied with the terms of a written separation agreement for more than one year. By order entered August 27, 1984, Special Term (Graves, J.) denied defendant's motion for summary judgment upon his counterclaim, finding that triable issues of fact had been raised, and continued physical custody of the child with defendant pending further determination by Justice Cerrito. Defendant has appealed.

This court has comprehensively set forth the principles applicable in the determination of motions for summary judgment in *Piccolo v De Carlo* (90 AD2d 609).

"Since the drastic relief of summary judgment is the equivalent of a trial (*Falk* v *Goodman,* 7 NY2d 87), before the motion may be granted, it must appear clearly that no triable issue of fact exists (*Glick & Dolleck* v *Tri-Pac Export Corp.,* 22 NY2d 439). All that is required to defeat the motion is the identification of existing triable issues, rather than any determination upon such issues (*Sillman* v *Twentieth Century-Fox Film Corp.,* 3 NY2d 395)." (*Id.,* p 610.) When a movant has set forth evidentiary facts sufficient to entitle that party to judgment as a matter of law, the burden is shifted to the opposing party to come forward with proof in evidentiary form to show the existence of genuine triable issues of fact (*Greenberg v Manlon Realty,* 43 AD2d 968; *Iandoli v Lange,* 35 AD2d 793). Bald conclusory assertions, even if believable, will not suffice to defeat summary judgment (*Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 342; *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259).

Examination of the record within these guidelines discloses that plaintiff has made serious and significant allegations of fraudulent and illegal conduct by both defendant and the attorney who represented both parties at the time of the initial back-dated separation agreement, the commencement and prosecution of the action for divorce, the agreement modifying the

separation agreement, and the application for an amended judgment of divorce. Plaintiff has also accused defendant of physical abuse of the infant child while in his custody and of abandoning his right to custody. It further appears that in a separate pending partition action commenced by defendant, plaintiff has counterclaimed to rescind the separation agreement on the grounds of fraud, duress, coercion and undue influence. Moreover, she asserted that defendant failed to substantially comply with the terms of the separation agreement. We find these allegations in the pleadings and in plaintiff's opposing affidavits to be more than mere arguments, conjecture or surmise (*see, Golding v Weissman,* 35 AD2d 941, *appeal dismissed* 29 NY2d 913; *Gray Mfg. Co. v Pathe Indus.,* 33 AD2d 739, *affd* 26 NY2d 1045), and, therefore, cannot say that Special Term abused its discretion or erred in denying defendant's request for summary judgment.

Order affirmed, with costs. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.