■ BRATTLEBORO RETREAT, Appellant, v DAVID J. DUQUETTE, Respondent.—Main, J. P. Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered October 22, 1985 in Albany County, which denied plaintiff's motion for summary judgment.

In August 1981, defendant's wife was admitted to plaintiff's facility for medical treatment. In connection with her admission, defendant signed a financial agreement whereby he agreed to pay for all charges which were not covered by insurance. It appears from the record that defendant's insurance carrier disclaimed all but a small portion of the total bill, and plaintiff thereafter commenced this action to recover the amount not covered by insurance. As an affirmative defense to the action, defendant contended that plaintiff's representative had told him that his insurance would cover the hospital stay, but that in fact the insurance carrier denied coverage because it did not recognize plaintiff as a medical facility. Plaintiff's subsequent motion for summary judgment was denied on the basis of this defense, Special Term finding that the actual facts and circumstances with regard to this defense would have to be determined at trial.

We affirm Special Term's denial of plaintiff's motion. Plaintiff correctly notes that this court need not give credence to a raised issue which does not appear to be genuine (see, Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441) and that bald, conclusory assertions, even if believable, will not suffice to defeat summary judgment (Mahar v Mahar, 111 AD2d 501, 502). However, we do not believe defendant's assertions to be

so improbable that they are clearly not genuine. At the time of the wife's hospitalization, according to defendant, he and his wife were separated and in the process of obtaining a divorce, but his wife was still covered by his health insurance policy. Given the state of defendant's marriage, it is entirely possible that defendant sought and obtained a representation from plaintiff that his wife's hospitalization would be covered by insurance. Moreover, we find that defendant's claims constitute more than bald, conclusory assertions. The fact that defendant has been unable to identify by name the employee of plaintiff with whom he allegedly spoke should not be held against defendant on the determination of this motion (see, Piccolo v De Carlo, 90 AD2d 609). Accordingly, Special Term's order should be affirmed.

Order affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.