■ Incorporated Village of Freeport et al., Appellants, v Freeport Excursions L. L. C. et al., Respondents. [694 NYS2d

406] —In an action, *inter alia*, to permanently enjoin the defendants from mooring a 145-foot-long vessel at the subject premises, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Driscoll, J.), entered September 8, 1998, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the plaintiffs' motion for a preliminary injunction.

The plaintiffs commenced this action against the defendants for a permanent injunction prohibiting them, in effect, from using certain waterfront property in the Incorporated Village of Freeport to operate a charter boat. The Village claimed, *inter alia*, that buildings on the subject premises, and certain dock pilings, called "dolphins", were being used or constructed without the proper permits having been issued, and that Local Laws 1997, No. 11, of the Village of Freeport imposed a moratorium on the operation of charter boats.

The Supreme Court granted the plaintiffs a temporary restraining order pending a hearing on the motion for a preliminary injunction. On the return date of the motion, the court determined that the Village had been without authority to enact the moratorium as Federal law governs navigable waters, and that the defendants had not violated other Village Code provisions. The court then lifted the temporary restraining order and set the matter down for an evidentiary hearing on the issue of whether the plaintiffs were entitled to a preliminary injunction. Before any hearing was held, the defendants successfully moved for summary judgment.

On appeal, the plaintiffs contend that numerous issues of fact preclude the granting of summary judgment. We agree. The defendants' conclusory assertion that the pilings, or "dolphins", which they installed in a Freeport waterway were wholly outside the territorial limits of the Village, and therefore not subject to compliance with the Village Code, is insufficient to establish their entitlement to summary judgment (*see, Piccolo v De Carlo*, 90 AD2d 609). We further note that the present record is insufficient to permit us to determine the validity of the moratorium on the operation of charter boats.

In addition, the defendants failed to submit any evidentiary proof that they only repaired an existing oil burner, and did not, as the plaintiffs contend, install a new furnace, which would have required compliance with the Freeport Village Code

§§ 86-6 and 86-7. Since the defendants failed to meet their burden of establishing their entitlement to summary judgment on this issue, it was error to grant the motion even if the plaintiffs' opposing papers were insufficient (*see, Coley v Michelin Tire Corp.,* 99 AD2d 795).

The plaintiffs raised triable issues of fact with respect to whether the defendants constructed a new parking facility on the subject premises in violation of the Freeport Village Code §§ 86-6 and 86-7, and not as the defendants claim, that they merely repaved an existing lot. Moreover, the plaintiffs raised a triable issue of fact as to whether the defendants were operating the subject premises in the absence of a new certificate of occupancy to reflect the change in use in violation of the Freeport Village Code § 86-8 (D).

Under the circumstances, the motion for summary judgment must be denied, the complaint reinstated, and a hearing held to determine the plaintiffs' motion for a preliminary injunction. Santucci, J. P., Sullivan, Florio and McGinity, JJ., concur.