PROF-2013-S3 Legal Tit. Trust v Santo (2019 NY Slip Op 08723)





PROF-2013-S3 Legal Tit. Trust v Santo


2019 NY Slip Op 08723


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2018-00308
 (Index No. 68032/14)

[*1]PROF-2013-S3 Legal Title Trust, etc., respondent,
v
Evan Santo, et al., appellants, et al., defendants.


Galarza Law Office P.C., Massapequa Park, NY (Charles W. Marino of counsel), for appellants.
Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Evan Santo and Concetta Santo appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (John H. Rouse, J.), dated October 17, 2017. The order and judgment of foreclosure and sale, inter alia, upon an order of the same court dated July 3, 2017, denying those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, denied those defendants' cross motion, inter alia, in effect, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
This action to foreclose a mortgage was commenced against, among others, the defendants Evan Santo and Concetta Santo (hereinafter together the defendants). The defendants interposed an answer. In an order, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint and to strike the defendants' answer, upon the defendants' default in opposing the motion. Subsequently, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated July 3, 2017, the Supreme Court denied the defendants' motion.
The plaintiff moved for a judgment of foreclosure and sale, and the defendants cross-moved, inter alia, in effect, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action. In an order and judgment of foreclosure and sale (one paper), the Supreme Court, inter alia, denied the defendants' cross motion and directed the sale of the subject property. The defendants appeal.
We agree with the Supreme Court's denial of the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The defendants' motion was procedurally improper. The granting of a summary judgment motion is the "procedural equivalent [*2]of a trial" (Falk v Goodman , 7 NY2d 87, 91; see Engel v Aponte , 51 AD2d 989, 990). Since the plaintiff's motion, among other things, for summary judgment on the complaint and to strike the defendants' answer had been granted upon the defendants' default in opposing the motion, the defendants' recourse was to move pursuant to CPLR 5015(a) to vacate that order. The defendants could not circumvent the Supreme Court's grant of the summary judgment motion upon their default in opposing the motion by merely ignoring that determination and moving for summary judgment dismissing the complaint insofar as asserted against them. Moreover, the defendants' motion and subsequent cross motion were properly denied on the merits, also.
RIVERA, J.P., AUSTIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court