## Cedeno v Bollyky

### 2024 NY Slip Op 30899(U)

### March 19, 2024

### Supreme Court, New York County

### Docket Number: Index No. 159460/2018

### Judge: James E. d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>Hon. James E. d'Auguste</u>          PART 55

*Justice*

-------------------------------------------------------------------X

ANNETTE CEDENO,

                       Plaintiff,

            - v -

ANDREA BOLLYKY, JOHN PURCELL,

                   Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159460/2018 |
| MOTION DATE | 02/22/2023 |
| MOTION SEQ. NO. | 003 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 003) 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129

were read on this motion to/for                SUMMARY JUDGMENT        .

In Motion Sequence 003, plaintiff Annette Cedeno ("Cedeno"), a sublessor of defendants Andrea Bollyky ("Bollyky") and John Purcell ("Purcell") (collectively "defendants"), moves for summary judgment on causes of action, including rescission of a lease and declaring it null and void, and dismissal of defendants' counterclaims. Defendants cross-move for summary judgment in their favor on their first through fourth counterclaims, including a declaratory judgment that Cedeno breached the sublease, and is in default. For the reasons set forth below, both the motion and cross-motion are denied.

The action arises from a sublease contract negotiated in June 2018 between Cedeno and defendants relating to a cooperative apartment, unit 17/18C, that the parties negotiated, with a lease term commencing on August 1, 2018 (NYSCEF Doc. No. 73). Cedeno claims she took all necessary steps to get approved by the co-op Board, was approved, and made arrangements to

**159460/2018  CEDENO, ANNETTE vs. BOLLYKY, ANDREA**
Motion No.  003

Page 1 of 8

[* 1]

move-in to the unit. Cedeno asserts the sublease was unilaterally, materially altered by defendants without her knowledge or consent (NYSCEF Doc. No. 73).

Cedeno contends the initial sublease at Paragraph 13 states, "...Tenants shall deliver to the Landlords the sum of $217,000 totaling $186,000 representing rent equal to one (1) year, August 1, 2018-July 31, 2019, and $31,000 representing rent security equal to one (1) month's rent ($15,500) and the first month's rent ($15,500) due hereunder" (NYSCEF Doc. Nos. 74, see Exhibit H Rider to Sublease; 92, 125). Yet, Cedeno argues the countersigned sublease she received was altered and Paragraph 13 stated, "...tenant shall deliver to the Landlord the sum of $201,500 totalling '$186,000 representing rent security equal to one (1) year, August 1, 2018-July 31, 2019, and the first month's rent ($15,500) due hereunder" (NYSCEF Doc. Nos. 74, see Exhibit I Rider to Sublease, 92, 125). Also, Paragraph 14(b) states, "The Tenant hereby agrees that the security deposit in the amount of $186,000 (the "security Deposit") is to be held ..." in an interest-bearing account of the Landlord (NYSCEF Doc. Nos. 74, 92, 125).

Cedeno argues the initial sublease, as she understood it, would have her pay a year's rent upfront, to be held by defendants, who would deduct the monthly rent each month from the rent security for one year. She agreed to pay the year's rent upfront as a security to assure defendants and the co-op Board the rent would be paid monthly (NYSCEF Doc. Nos. 74, 75).

Cedeno argues that she protested the newly added language to the sublease, yet defendants refused to honor the initial sublease, thus, under duress, as she had to vacate her current residence but needed a place to live for her and her children, she appeared with the required checks on August 1, 2018, to take possession of the premises (NYSCEF Doc. Nos. 73, 127). Cedeno claims she was partially evicted for defendants' alleged refusal in having non-party broker Allison Khan refuse to accept Cedeno's checks or to turn over the keys for Cedeno

159460/2018 CEDENO, ANNETTE vs. BOLLYKY, ANDREA
Motion No. 003

Page 2 of 8

2 of 8

to take possession of the unit on two separate dates that Cedeno came to the premises to tender the checks and collect the keys—August 1 and August 6, 2018] (NYSCEF Doc. No. 75).

Defendants argue Cedeno breached various provisions of the sublease requirements, despite acknowledging its terms, and refused to take possession of the premises, despite being given several opportunities to do so (NYSCEF Doc. Nos. 92, 125, 126). Defendants claim Cedeno failed to comply with the requirements of Paragraph 9 of the sublease by failing to procure a $1 million insurance policy on August 1, 2018, and when she brought the documents with her on August 6, 2018, they failed to name defendants as additional insureds (NYSCEF Doc. Nos. 92, 108 Exhibit P, 125, 126). Also, defendants allege Cedeno failed to tender proper checks, including for the broker's fee. Defendants further argue, after a walk-through of the premises on August 6, 2018, [now empty, and not "staged"] Cedeno was unhappy with the condition claiming there was damage that was either hidden by the staging or occurred thereafter, including to the floors, walls, and that the washing machine appeared broken, and demanded the conditions be repaired (NYSCEF Doc. Nos. 75, 92, 125, 126). Defendants contend that in Paragraph 29 of the sublease and Paragraph 8 of the Rider to the Sublease, Cedeno acknowledged and agreed that she inspected the premises and accepted it in its present condition "as is," and defendant did not promise to do work in the premises, except as otherwise provided in the rider to the sublease (NYSCEF Doc. Nos. 92, 125, 126). Defendants assert that Cedeno allegedly refused to accept the premises because of the complained-of conditions, and took back the checks she brought (NYSCEF Doc. Nos. 92, 125, 126). Defendants assert Cedeno's claims of damages were a pretext to avoid the financial obligations under the sublease, adding that on August 10, 2018, a mere four days after Cedeno appeared at the premises for the

159460/2018 CEDENO, ANNETTE vs. BOLLYKY, ANDREA
Motion No. 003

Page 3 of 8

3 of 8

second time, she entered into a two-year lease agreement at a different premises, to commence on August 13, 2018 (NYSCEF Doc. No. 128).

Cedeno asserts that defendants' refusal to give her the keys and refusing her possession, constituted a partial eviction under Real Property Law Section 233-a, and her right of recission was triggered, thus, no rent is due defendants (NYSCEF Doc. No. 73). Conversely, defendants contend Cedeno's breach of the sublease, and failure to cure, entitled them to terminate the sublease for Cedeno's default, but she must still pay her rent through the end of the sublease (NYSCEF Doc. No. 92, 126).

Here, the parties have dueling positions, and conflicting testimonies, on the sublease and the occurrence of Cedeno's taking possession of the premises. Defendants assert Cedeno failed to comply with Paragraphs 13 and 14 of the rider to the sublease requiring her to bring checks for $15,500 for the first months' rent, and $186,000 for a security deposit (NYSCEF Doc. Nos. 92, 125, 126). Cedeno argues the countersigned sublease was materially altered in that the $186,000 was to represent rent security equal to one year – August 1, 2018 – July 31, 2019 – to be held in an interest-bearing account by landlord, but the countersigned, allegedly altered, lease now provided that the $186,000 was being held strictly as a security deposit, requiring her to pay $15,500 in rent monthly (NYSCEF Doc. Nos. 73, 74, 75].

Further, Cedeno claims defendants materially altered the first sublease agreement, asserting that a well-settled principle of contract law is that one party to a contract may not unilaterally alter its terms without the consent of all parties (NYSCEF Doc. No. 127; *Mount Vernon City School Dist. v. Nova Cas. Co.*, 19 NY3d 28, 2012). Yet, defendants allege that the changes were agreed to in discussions and emails, including an email from Khan to Cedeno memorializing a conversation between Cedeno and Bollyky concerning the revisions, as an

159460/2018 CEDENO, ANNETTE vs. BOLLYKY, ANDREA
Motion No. 003

Page 4 of 8

4 of 8

[* 4]

alternative when the co-op Board had concerns about Cedeno's income, and potential inability to pay rent (NYSCEF Doc. Nos. 92, 125, 126).

Cedeno argues Bollyky's affidavit of merit is inadmissible as it "wholly contradicts, and seeks to rehabilitate, defendant's no recollection deposition testimony" (NYSCEF Doc. No. 127). She asserts that defendant may not submit an affidavit that contradicts aspects of deposition testimony which raises feigned issues of fact. *Rossi v. 88th Garage Corp.*, 190 AD3d 504 (1st Dep't 2012). Bollyky's deposition testimony is replete with statements of, "I do not recall," "I do not know as I was not there," and "I do not specifically recall." Yet, Bollyky's affidavit recounts specific dates, statements, and facts that contradict her prior deposition testimony, that Cedeno argues was "strategically designed to rehabilitate defendant's bare and bareless deposition testimony." Cedeno notes the same is true for Khan's deposition testimony, which is rife with statements of "Maybe," "I do not recall," and "I don't remember" (NYSCEF Doc. No. 127).

Defendants argue that details in Bollyky's affidavit are supported by admissible documents submitted in support of defendants' cross-motion (NYSCEF Doc. No. 128). Defendants maintain that amplifying details in an affidavit does not amount to a contradiction of deposition testimony (NYSCEF Doc. No. 128). *Alvia v. Mutual,* 56 AD3d 311 (1st Dep't 2008). Defendants contend that the fact Cedeno chose not to ask "the necessary questions" utilizing documents provided during discovery should not inure to her benefit (NYSCEF Doc. No. 128).

Cedeno additionally claims that upon conducting a walk-through on August 6, 2018, of a now-empty apartment, with all staging furniture and rugs removed, she noticed damage to the walls, floors, window shades and that the washing machine was broken (NYSCEF Doc. Nos. 74, 79). Cedeno informed Khan of the issues, but was informed that repairs would not be done and

159460/2018 CEDENO, ANNETTE vs. BOLLYKY, ANDREA
Motion No. 003

Page 5 of 8

5 of 8

the premises is being sublet "as is." Cedeno claims they were asked to leave, the checks were not accepted, and that she would not be getting the keys to the premises (NYSCEF Doc. No. 74).

Cedeno argues defendants' refusal to accept her checks and failure to turn over the keys constituted a partial actual eviction. *Barash v. Pa. Terminal Real Estate Corp.*, 26 NY2d 77 (1970). Further, Cedeno claims as defendants partially evicted her from use and enjoyment of the premises, under Real Property Law Section 223-a, her right of recission was triggered (NYSCEF Doc. Nos. 74, 127). Cedeno asserts that "when there is a wrongful partial eviction of the tenant, the right of the landlord to enforce the payment of any rent under the lease is suspended for the period during which the tenant was deprived of the possession of any portion of the premises." *Two Rector St. Corp. v. Bein*, 226 AD 73 (1st Dep't 1929). Cedeno notes as defendants never tendered possession of the premises to her, and she was denied possession from the start of the lease term, defendants are not entitled to any rent (NYSCEF Doc. Nos. 74, 127).

Defendants counter that they gave Cedeno numerous opportunities to take possession of the premises, but she breached various lease provisions, failed to cure, and they terminated the lease (NYSCEF Doc. Nos. 92, 125, 126, 128). Defendants assert that they were ready, willing and able to provide possession of the premises to Cedeno, but she failed and refused to take possession (NYSCEF Doc. No. 126). Defendants argue further that case law demonstrates that Cedeno had possession. "As soon as a lease is executed and delivered, the tenant acquires the right to possession as of the date of the commencement of the term in the absence of physical possession." *Fishel v. Baronelli, Ltd.* 119 Misc2d 625 (Civ. Ct. N.Y. Co. 1983). Defendants claim Paragraph 18(A) of the sublease provides that if it terminated due to Cedeno's default, that she must pay to defendants her rent until the sublease has ended (NYSCEF Doc. Nos. 125, 128).

**159460/2018 CEDENO, ANNETTE vs. BOLLYKY, ANDREA**
**Motion No. 003**

Page 6 of 8

6 of 8

As such, defendants assert damages of $238,999.77, plus interest (NYSCEF Doc. Nos.126, 126, 128).

Given the parties' conflicting positions on whether defendants breached the lease by refusing to give Cedeno the keys, and possession to the premises, or whether Cedeno breached the lease by failing to cure defects, thus, not taking possession, awarding summary judgment to either party is inappropriate as material questions of fact remain. *Falk v. Goodman*, 7 N.Y.2d 87, 1959 (It is well established that summary judgment may not be granted whenever the pleadings raise clear, well-defined and genuine issues; nor may it be granted whenever there is doubt as to the existence of a triable issue or when the issue is arguable since "issue-finding, rather than issue-determination, is the key to the procedure.")

The deposition testimonies by defendants and the broker are insufficient to provide insight or corroboration of any accounts asserted by defendants in light of the many answers of "I don't recall." However, Cedeno fails to submit an affidavit from now-husband, Matthew Rosenblum, who was present with her at both appearances at the subject building to obtain keys to the premises from Khan, on August 1 and August 6, 2018; she also fails to submit an affidavit from the building's super – both of whom may have been able to corroborate her statements and/or claims. Therefore, given the conflicting testimonies, and Cedeno's assertions of economic duress (NYSCEF Doc. No.127), questions of fact persist concerning whether Cedeno failed to take possession, or if defendants refused to tender possession of the premises to Cedeno. Such factual questions are best left to a trier of fact to ascertain, thereby precluding summary judgment to either party.

**159460/2018   CEDENO, ANNETTE vs. BOLLYKY, ANDREA**
Motion No.  003

**Page 7 of 8**

7 of 8

Accordingly, it is

ORDERED that the plaintiff's motion for summary judgment is denied, and it is further

ORDERED that the defendants' cross-motion for summary judgment is denied.

This constitutes the decision and order of the Court.

| 3/19/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **James d'Auguste, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | **X** DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159460/2018   CEDENO, ANNETTE vs. BOLLYKY, ANDREA**
Motion No. 003

**Page 8 of 8**

8 of 8

[* 8]