■ IRVING TRUST COMPANY, Appellant, v LA PILAR REALTY, INC., et al., Respondents, et al., Defendant.—Order, Supreme Court, New York County, entered July 22, 1976, insofar as it denies plaintiff's motion for summary judgment, unanimously reversed, on the law, the motion granted, and the cross claims between defendants severed. Appellant shall recover of respondents $60 costs and disbursements of this appeal. The Irving Trust Company instituted this action to foreclose two building loan mortgages which secured building loan notes in the total amount of $1,500,000. La Pilar Realty, Inc., was the maker of the notes and mortgages. Herbert Pollack and his mother, Lillian Pollack, the principal shareholders of La Pilar, became jointly and severally liable on those obligations by virtue of their signing an unconditional guarantee. The total amount advanced on the notes was $1,349,600. The essential facts leading to the making of the notes follow. Herbert Pollack, interested in developing family-owned real property on First Avenue in Manhattan, retained an architect to draw plans for a 12-story building, the ground level of which was to be reserved for retail use. Pollack met with a Jerry Swartz, of the mortgage brokerage firm of Sonnenblick-Goldman Corporation, to arrange for both temporary and permanent financing. Permanent financing was arranged first and a written commitment for a long-term loan in the amount of $1,500,000 was obtained from the New York State Employees' Retirement System. Swartz then distributed brochures to various lending institutions in an effort to obtain a construction loan. Irving Trust expressed an interest in financing the project and Pollack's application was filed with them, together with a good-faith deposit, and the construction loan was granted by Irving Trust in the initial amount of $1,200,000 and later increased to $1,500,000. La Pilar defaulted in paying installments of interest and real estate taxes when due, and Irving Trust instituted this foreclosure proceeding. After joinder of issue, Irving Trust moved for summary judgment which was denied by Special Term. We would reverse and grant the motion. The Pollacks' claim is that the bank fraudulently induced them to enter into the mortgage transaction with knowledge that the project was dangerously underfinanced. However, Pollack concedes that he had no personal dealing with the bank until after the initial commitment of $1,200,000. In short, there is no proof offered by the defendants to establish any fraud or misrepresentation on the part of the bank. However, even were the bank to have made representations as to the purported cost of the project, they could not be deemed fraudulent. Fraud, to be actionable, must be based on false representations of existing facts and not of mere opinion (24 NY Jur, Fraud and Deceit, §§ 35, 36). No misrepresentations of existing facts are claimed to have been made by the bank, and the bank is accordingly entitled to summary judgment against all named defendants.* Settle order on notice. Concur—Murphy, J. P., Lupiano, Silverman and Lane, JJ.

---

* We have reviewed the claim of priority of the defendant Unit Builders, Inc. (as presented at Special Term), and find it to be without merit.