OPINION OF THE COURT
Joseph Di Fede, J.
Motion by plaintiff to strike the answer of defendants and for summary judgment is granted.
The present action is to foreclose a consolidated mortgage made to secure a loan for the rehabilitation of an apartment house. The loan in question was made pursuant to article 8 of the Private Housing Finance Law, under which defendants received the benefit of a below market interest rate plus various tax benefits. As of November, 1979, defendants were significantly in arrears for principal and interest.
Defendants have asserted various defenses and a counterclaim to this present action. They claim that they were fraudulently induced into executing the mortgage and that their failure to repay said mortgage was solely the result of the action and inaction of the plaintiff city. It is further *42 contended that the plaintiff has violated defendants’ right to due process and equal protection under the law.
Summary judgment is a drastic remedy available only where there appears to be no triable issue of fact. Issue finding rather than issue determination is the key to the procedure (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395).
In the case at bar, the facts are not in dispute. Defendants executed a mortgage to plaintiff for monetary consideration under the municipal loan program and are at present significantly in arrears with respect to payment. The only thing to be considered is whether the defenses and counterclaims raised by defendants are sufficient as a matter of law to defeat a summary judgment motion.
With respect to their first affirmative defense and counterclaim, defendants allege that plaintiff, as additional consideration to induce defendants into executing the mortgage, made promises and misrepresentations with respect to a plan to revitalize the area surrounding the mortgaged premises. Defendants contend that the city’s failure to rehabilitate the surrounding areas constitutes fraud in the inducement and consequently the notes and mortgages should be deemed null and void.
This defense is insufficient as a matter of law. Although defendants aver that they received certain promises as additional consideration for the mortgage in question, they have not submitted any specific plans of the city for rehabilitation upon which they relied. In any event, even if the city actually did assert proposals for the rehabilitation and rejuvenation of the area, these representations could not be deemed fraudulent. Fraud, in order to be actionable, must be based upon false representations of existing facts (Irving Trust Co. v La Pilar Realty, 56 AD2d 532).
The alleged misrepresentations complained of merely pertain to future performance by the city. Since there was no false representation as to existing facts, there was no fraud. Furthermore, since any future plans by the city to rehabilitate the subject areas would necessarily be subject to future contingencies, defendants could not reasonably rely on them.
*43 It is well established that any oral agreements affecting property about which a written contract is made and executed between the parties are merged in the writing (Hart v East Plaza, 62 AD2d 113). Therefore, it must be presumed that the entire consideration between the parties is set forth in the mortgage instrument. Examination of the instruments in question, however, fails to reveal the existence of any future plans for revitalization. Accordingly, this cannot be an element of consideration in the transaction in question.
Defendant’s second affirmative defense alleges an agreement that the mortgage was to be amortized with funds generated from the rental income of the premises; that plaintiff forced defendants to lease their premises to tenants who did not pay rent, i.e., those on public assistance, and that plaintiff refused to aid defendant in the collection of said rents. This, too, is insufficient as a matter of law.
• Although the various mortgage instruments require repayment of the debt secured thereby, said repayment is not made contingent upon collection of rents. The only restriction with respect to rental of the premises was that defendant was to rent to low-income tenants. They were not, however, limited merely to those tenants on public assistance or placed by the Department of Relocation. In addition, there were other remedies available to the defendants by which they could compel payment of the rents by the tenants. They could have also brought a CPLR article 78 proceeding against the city if they felt aggrieved by the city’s action or inaction with respect to the implementation of a two-party check system. This does not, however, constitute a defense to the present action.
Defendants’ third affirmative defense asserts a violation of their right to due process and equal protection under the law. This, too, is insufficient as a matter of law. The majority of mortgages made pursuant to the municipal loan program are in default. Defendants admit that the city has commenced numerous foreclosure actions against such mortgagors. Moreover, defendants have not produced any evidence which would indicate that they have been singled out for unique treatment.
*44 Defendants were admittedly in default on said mortgage subsequent to the institution of this foreclosure action. Accordingly, plaintiff was within its rights in bringing the present action. Settlement negotiations with the defaulting mortgagors is irrelevant with respect to the present case.
The defenses asserted are without merit and insufficient as a matter of law. There are no arguable issues of fact presented. Defendants executed the mortgage in question and defaulted on its repayment. Moreover, they have failed to assert a valid defense with respect to the present action for foreclosure. Accordingly, plaintiff is entitled to summary judgment as a matter of law.
Settle order providing for appointment of a Referee to ascertain and compute the amount due plaintiff and determine whether the mortgaged premise» may be sold in parcels.