■ UNION NATIONAL BANK, Respondent, v CURTIS A. SCHURM, Defendant, and CAROLYN SCHURM, Appellant. — Appeal (1) from an order of the Supreme Court at Special Term (Harlem, J.), entered July 29, 1981 in Albany County, which granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon. In November, 1977, defendant Carolyn Schurm (defendant) signed plaintiff bank's printed form assigning her savings account passbook to plaintiff as security for loans to be made to G. M. C. Homes, Inc., a corporation which lists defendant's husband as its president and defendant as its secretary. A few days later, defendant signed a second document, which provided unconditional and continuous guarantee of payment for loans to be advanced by plaintiff to G. M. C. Homes, Inc. Thereafter, plaintiff made several loans to G. M. C. Homes, Inc. After the corporation defaulted on its payments of these loans, plaintiff withdrew the contents of defendant's savings account, in accordance with the passbook assignment, and applied it toward the corporate debt. Plaintiff then brought an action for the balance of the corporation's indebtedness, and recovery was sought against defendant pursuant to her continuing guarantee. In her affidavit in opposition, defendant

asserts that she signed both.the passbook assignment and the guarantee at her husband's behest, and that she understood from him that she was only securing a loan of $30,000 to him individually, not in his capacity as president of G. M. C. Homes, Inc. She further avers that she was not in plaintiff's presence when she signed these documents and had no contact with plaintiff regarding either document; that when she executed the assignment, the identity of the primary debtor was left blank; and that she never saw the first page of the continuing guarantee. Defendant's appeal must fail on two grounds. She concedes that she had no personal contact with plaintiff concerning the transactions in question, and she has produced no evidence that plaintiff participated in the fraudulent misrepresentations which she has alleged against her husband. Therefore, defendant has raised no genuine issue of fact concerning fraud on plaintiff's part (*Irving Trust Co. v La Pilar Realty,* 56 AD2d 532; *Manufacturers & Traders Trust Co. v Commercial Door & Hardware,* 51 AD2d 362). Furthermore, defendant's claim that "at the time I signed [the guarantee document] I was never shown the first page" is inconsistent with the fact that the guarantee is printed on the front and back of one piece of paper. If defendant, who has her own real estate business, did not read both sides of the document, she is nonetheless bound by it (*id.,* at p 366). Plaintiff has established the facts underlying its cause of action by documentary evidence, to wit, the passbook assignment and the guarantee. Defendant's conclusory and unsubstantiated allegations are insufficient to raise a triable issue of fact in the face of such documentary evidence (*Gray Mfg. Co. v Pathe Ind.,* 33 AD2d 739; *P. D. J. Corp. v Bansh Props.,* 29 AD2d 927, affd 23 NY2d 971). Special Term properly granted summary judgment to plaintiff. Order and judgment affirmed, without costs. Mahoney, P. J., Sweeney, Mikoll, Yesawich, Jr., and Levine, JJ., concur.