■ FOREIGN CARS OF NEW PALTZ, INC., Respondent, v CLAUDETTE H. HENNESSY et al., Appellants.—Weiss, J.

Defendant Dean P. Hennessy purchased a 1976 BMW automobile from plaintiff which he financed by using a retail installment contract on which his mother, defendant Claudette H. Hennessy (hereinafter defendant), became a co-obligor. The contract was assigned to the First National Bank of Highland with full recourse. Upon Dean Hennessy's default, the bank reassigned the contract to plaintiff, which discharged the obligation to the bank. This action to recover the balance due on the note was commenced, but Dean Hennessy, now residing in California, has not yet been served.[1] In her answer, defendant has alleged fraud as an affirmative defense. Special Term granted plaintiff's motion for an order striking defendant's answer and for summary judgment in the sum of $5,911.85, and denied defendant's cross motion for an order disqualifying plaintiff's attorney. This appeal ensued.

Plaintiff established a prima facie case for summary judgment against defendant by submitting proof in documentary form that defendant cosigned the retail installment agreement, that default in payment occurred and that the agreement was reassigned to plaintiff pursuant to the full recourse

---

1. Dean P. Hennessy has commenced a separate action against plaintiff and others alleging fraud in that the vehicle had a stolen 1973 engine, the odometer was altered to reflect reduced mileage, the vehicle was not in good condition and it had been in an accident. Special Term's decision specified that its findings should not be construed to have any collateral estoppel or res judicata effect upon this separate action.

provision of the agreement *(see, Citibank v Furlong,* 81 AD2d 803, 804). It then became incumbent upon defendant to demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for her failure to do so *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *cf. Piccolo v De Carlo,* 90 AD2d 609). Defendant has alleged in her opposing affidavit, which was accompanied by the verified complaint of her son from his separate action,[2] that the engine was a 1973 model taken from a stolen car, that the odometer reading was incorrect, that the condition of the automobile was misrepresented in that it had been in an accident, and that the concealment and misrepresentations of these facts constitute fraud.

In reply, the affidavit by plaintiff's president offered what may be considered documentary proof to refute defendant's allegations. It appears that the engine installed in the car was properly taken from another BMW automobile that plaintiff owned and which was thereafter stolen. Plaintiff also offered documentation to demonstrate that the odometer had been reported as inoperative at the time that plaintiff purchased the automobile and that the actual mileage was stated to be unknown. Despite this showing, however, there remain unresolved issues as to whether the car had in fact been in a prior accident, whether plaintiff disclosed that the engine was in fact a 1973 model installed in the 1976 automobile sold to defendant's son, and what representations were made as to the actual mileage on the vehicle.

Whether these facts may be proven to establish the defense of fraud alleged in the answer need not be determined by us at this time since we deal solely with whether a judgment should issue summarily. Fraud, if established, would constitute a defense. This can only be satisfactorily ascertained upon a trial. The general rule has been stated that " 'issue-finding, rather than issue-determination, is the key to the procedure' " *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404, quoting *Esteve v Abad,* 271 App Div 725, 727; *accord, Falk v Goodman,* 7 NY2d 87, 91). While conclusory and unsubstantiated allegations are insufficient to raise a triable issue of fact in the face of documentary evidence *(Union Natl. Bank v Schurm,* 87 AD2d 682), whether defendant can successfully demonstrate the perpetration of a fraud

---

**2.** A verified complaint in another action may be considered as evidentiary matter in a summary judgment motion *(see, Mahar v Mahar,* 111 AD2d 501, 503).

raises a triable issue of fact precluding summary judgment *(see, Hutchins v Utica Mut. Ins. Co.,* 107 AD2d 871).

Finally, we find no error in Special Term's denial of defendant's cross motion to disqualify plaintiff's attorney.

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion; motion denied; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.