■ FULMONT MUTUAL INSURANCE COMPANY, Appellant, v ANATOLE P. TORAN et al., Respondents.—Mercure, J. ■

On February 25, 1987, an application for a homeowner's insurance policy was allegedly completed and a $200 premium check deposited by defendant Anatole P. Toran at the offices of the Lanor Agency (hereinafter Lanor), an agent of plaintiff in the City of Glens Falls, Warren County. Toran and his wife, defendant Mary C. Toran (hereinafter collectively referred to as defendants), further alleged that a $100 cash deposit was made on the policy in December 1986. Defendant Eleanor Kantrowitz, a partner in Lanor and the individual with whom

defendants conducted all relevant business, testified that she had no recollection of receiving the deposit in December 1986. Kantrowitz did verify, however, that the completed application and check were received by Lanor on February 25, 1987 and mailed to plaintiff shortly thereafter.

Subsequently, on March 8, 1987, defendants' daughter and granddaughter were injured when snow and ice fell from the roof of defendants' residence. Defendants then contacted Kantrowitz regarding a claim for those injuries and Kantrowitz reported the claim to plaintiff. Upon being advised that the application and check had never been received by plaintiff's Fulton-Montgomery office, Kantrowitz forwarded copies of them, which plaintiff received on March 18, 1987. Thereafter, on March 25, 1987, Kantrowitz issued an insurance binder indicating that defendants' coverage was effective as of February 25, 1987. After advising defendants that, in its estimation, no contract of insurance ever existed, plaintiff commenced this action seeking a declaratory judgment to that effect. Eventually, Supreme Court granted defendants' motion for summary judgment finding, *inter alia*, that Lanor had the authority to bind plaintiff and had, in fact, done so. Plaintiff now appeals.

We begin by noting that, on appeal, plaintiff appears to concede that Lanor had the power to bind it. Plaintiff contends, however, that a question exists as to whether the application was completed on February 25, 1987, as defendants allege, or, rather, in collaboration with Lanor, following the loss. Clearly, fraud or collusion, if established, would vitiate the insurance contract *(see, National Life Ins. Co. v Minch,* 53 NY 144, 150; 69 NY Jur 2d, Insurance, § 1295, at 757). It is well settled that unsubstantiated allegations of fraud are insufficient to defeat a summary judgment motion *(see, Dynamics Corp. v Marine Midland Bank,* 69 NY2d 191, 197; *Zuckerman v City of New York,* 49 NY2d 557, 562). However, where a party comes forward with more than conclusory allegations, "whether [that party] can successfully demonstrate the perpetration of a fraud raises a triable issue of fact precluding summary judgment" *(Foreign Cars v Hennessy,* 124 AD2d 415, 416-417, *appeal dismissed* 69 NY2d 875).

Here, plaintiff has pointed to a variety of allegedly suspicious circumstances which, it claims, presented an issue of defendants' credibility which could only be determined at trial. First, the original application and premium check have never been received by plaintiff and were allegedly lost in the mail. Second, according to defendants' check register, the $200 check was issued out of numerical sequence and, if in proper

order, it would have been issued on or about the date of the loss. Third, the binder, setting forth that coverage was effective 11 days before the loss, was issued more than two weeks after the loss. Fourth, there is conflicting testimony as to the existence of a photograph of defendants' residence on February 25, 1987, raising a question as to whether relevant events occurred in the sequence alleged by defendants and Lanor. Fifth, defendants and Lanor have failed to produce documentary evidence to corroborate their self-serving testimony.

We conclude that the circumstances disclosed in the record raise an issue of defendants' credibility with regard to matters within their exclusive knowledge sufficient to require a trial (see, Castillo v General Acc. Ins. Co., 111 AD2d 112, 113; Koen v Carl Co., 70 AD2d 695), and that Supreme Court impermissibly assessed the credibility of the parties on a motion for summary judgment (see, Guadagno v Colonial Coop. Ins. Co., 145 AD2d 804, 806). Furthermore, Lanor has failed to produce, in response to plaintiff's demand, its cash receipt book or ledger sheets reflecting defendants' record of payment and other records which may provide relevant evidence, creating additional issues of fact (see, Denkensohn v Davenport, 130 AD2d 860, 861-862; cf., Harris v Alcan Aluminum Corp., 91 AD2d 830, affd 58 NY2d 1036). Considering all of these factors, the drastic relief of summary judgment was inappropriate here.

Order reversed, on the law, without costs, and motion denied. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.