■ NORTHEAST SAVINGS, F. A., Appellant, v MARY L. RODRI-GUEZ, Respondent, et al., Defendants.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Simone, Jr., J.), entered December 14, 1988 in Saratoga County, which, *inter alia,* denied plaintiff's motion for summary judgment.

Defendant Mary Lou Rodriguez (hereinafter defendant) and her husband contracted with defendant T.J. Best Building & Remodeling, Inc. (hereinafter Best) to construct a single-family home to be completed by the end of September 1985. On December 5, 1985, Best executed a $187,500 building and construction loan to plaintiff to finance the project; the loan was secured by a mortgage on the property upon which defendant's home was being built. Interest was payable monthly, and the balance was due on June 1, 1986. Although plaintiff advanced Best $142,000 under the loan, Best repaid only $85,500. On May 28, 1986, Best conveyed the mortgaged property by warranty deed to defendant and her husband. Thereafter, defendant's husband conveyed title solely to her. Neither recorded deed contained a mortgage assumption clause.

Best abandoned construction in February 1987 and subsequently filed for bankruptcy. In January 1988, plaintiff commenced the instant foreclosure action seeking $165,395.22, the unpaid balance and interest. While defendant admitted there was an unpaid balance due and owing, she interposed various affirmative defenses, counterclaims and a cross claim. Plaintiff moved for summary judgment and, in the alternative, for

severance of defendant's counterclaims. Supreme Court denied plaintiff's motion and instead granted defendant's cross motion for leave to serve an amended answer. Because Supreme Court rendered no written decision, an increasingly common practice which this court actively discourages *(see, Dworetsky v Dworetsky,* 152 AD2d 895, 896; *Flax v Standard Sec. Life Ins. Co.,* 150 AD2d 894, 896), we are without the benefit of its rationale. In any event we find merit in plaintiff's appeal.

Plaintiff's documentary evidence establishes a valid mortgage. Given defendant's admission that there is an unpaid balance past due on the mortgage and receipt of the foreclosure notice, plaintiff has made a prima facie showing of entitlement to summary judgment in its favor *(see, Marine Midland Bank v Brown,* 115 AD2d 523, 524, *lv denied* 67 NY2d 607). To successfully withstand plaintiff's motion, defendant was obliged to demonstrate a bona fide defense to the mortgage. This has not been done.

Defendant's counterclaims and defenses profess that plaintiff fraudulently misrepresented Best's financial stability and the status of construction, thereby substantially damaging her in that while she continued to make payments to Best, it failed to concurrently improve the subject real property. Defendant also suggests that Best used sums advanced pursuant to plaintiff's mortgage, to which defendant was not a party, to repay plaintiff for prior loans plaintiff made to Best on other building projects. But these contentions go not to the inception or validity of plaintiff's mortgage, but only to the amount of the mortgage debt. There being no evidence proffered to show that plaintiff resorted to fraud or misrepresentation in procuring the mortgage *(see,* 78 NY Jur 2d, Mortgages, § 600, at 472), defendant is bound by the terms thereof. As the record discloses no material triable fact issue regarding defendant's liability on the mortgage, plaintiff is entitled to relief.

The extent of that relief is, however, another matter, for while defendant is liable for the amount of mortgage money advanced to Best, that amount is limited to the value of the mortgaged property *(see,* 78 NY Jur 2d, Mortgages, § 305, at 142). A hearing must therefore be had to determine the amount of money actually due on the mortgage. That such a hearing is necessary does not, however, preclude granting plaintiff's severance request, for defendant's claim respecting the true amount due on the mortgage can be proved at that time. Furthermore, the alleged negligence, fraud and similar charges asserted by defendant in her counterclaims, all of which were generated by events occurring subsequent to the

creation of the mortgage, can still be pursued in the severed action *(see, Johnson v Gaughan,* 128 AD2d 756, 757; *Reed v Shoratlantic Dev. Co.,* 121 AD2d 525, 526, *overruled on other grounds in Mihlovan v Grozavu,* 72 NY2d 506; *see also,* RPAPL 1321 [1]).

Order modified, on the law, without costs, by partially granting plaintiff summary judgment on the issue of liability, severing the alleged counterclaims from the main action and granting a separate trial thereon, and, as so modified, affirmed. Casey, Mikoll and Yesawich, Jr., JJ., concur.

Weiss, J. P., and Mercure, JJ., dissent and vote to affirm in a memorandum by Weiss, J. P. Weiss, J. P. (dissenting). Because we believe that the facts and circumstances here differ significantly from the usual bank mortgage/borrower delinquency/foreclosure action scenario, we would not grant plaintiff's motion for summary judgment. While it is not disputed that there is an unpaid balance upon plaintiff's mortgage, defendant has raised substantial issues of fact both in her pleadings and her papers opposing the motion which we feel warrant denial of the motion.

Ordinarily a mortgage lender has no duty to a subsequent purchaser who takes title subject to the mortgage. Here, however, defendant's answer asserts affirmative defenses, counterclaims and a cross claim. She has alleged, *inter alia,* that plaintiff was negligent in advancing moneys under the construction loan to Best and that plaintiff made misrepresentations and fraudulent statements to her concerning Best's financial stability and the progress of the construction. She alleges that she had a prior contract interest in the property, including a vendee's lien for purchase moneys advanced; that plaintiff was aware of her contract and lien at the time of its mortgage and the advances thereunder, as well as her concerns about the builder. Defendant further alleges that plaintiff fraudulently misrepresented both the stages of construction completed and the financial condition of the builder, and that she relied upon these material misrepresentations to her detriment. She contends that the real purpose and actual use of the advances under the mortgage loan was to divert money from construction costs on her house back to plaintiff in payment on Best's loans, thus preferring the bank to the detriment of defendant *(see, Clarke v Selben Apts.,* 225 App Div 290). Where a party comes forward with more than conclusory allegations, "whether [that party] can successfully demonstrate the perpetration of a fraud raises a triable issue of fact precluding summary judgment" *(Foreign Cars v Hen-*

nessy, 124 AD2d 415, 416-417, *appeal dismissed* 69 NY2d 875; *accord, Fulmont Mut. Ins. Co. v Toran,* 158 AD2d 829, 830-831). Fraud, if established, would constitute a defense. This can only be satisfactorily ascertained upon a trial *(Foreign Cars v Hennessy, supra).* Because issue finding rather than issue determination is the key to the procedure *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404), summary judgment would be improper here.

Defendant's allegations are so intertwined with plaintiff's right of foreclosure that they may not be ignored in this application for summary judgment. Plaintiff was required to make a prima facie showing of entitlement sufficient to eliminate any material factual issues from the case *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). In our view, plaintiff has not sustained that burden and its failure to make such a showing requires denial of the motion regardless of the sufficiency of the opposing papers *(see, Winegrad v New York Univ. Med. Center, supra,* at 853; *Blair v Rosen-Michaels, Inc.,* 146 AD2d 863, 864).

Defendant argues that she has demonstrated she is without access to significant relevant information which is in the possession of plaintiff and others making discovery necessary, and that therefore this motion is premature *(see,* CPLR 3212 [f]). We agree. The circumstances of this action suggest that discovery should be completed prior to a motion for summary judgment. At the time of plaintiff's motion, the action was less than a year old and had been subject to an extended bankruptcy stay, making defendant's ignorance unavoidable *(see, Kenworthy v Town of Oyster Bay,* 116 AD2d 628) and not due to her own inaction *(see, Twining, Nemia & Hill v Read Mem. Hosp.,* 89 AD2d 432).

Finally, we disagree that severance is in order because delay would prejudice plaintiff's position. The defenses and counterclaims in the equity action directly relate to plaintiff's claim and cannot be independently resolved. Additionally, plaintiff's loan, if fully valid, is well secured by property which has been increased in value by defendant's expenditures, allegedly without the assistance of plaintiff's loan. Contrastingly, the real property is claimed to be unique in nature and defendant would be severely prejudiced by the loss of the property were she to ultimately prevail on her counterclaims.

For these reasons, we would affirm Supreme Court's order.