■ NORTHEAST SAVINGS, F. A., Appellant, v JOHN J. SENNETT, III, Respondent.—Weiss, J. Appeal from that part of an order of the Supreme Court (Brown, J.), entered May 9, 1989 in Saratoga County, which denied plaintiff's motion for summary judgment on the issue of damages.

On April 16, 1986, defendant contracted with T. J. Best Building and Remodeling, Inc. (hereinafter Best) to construct a single-family home to be completed by December 1986. On September 4, 1986, Best executed a $225,000 building loan agreement to plaintiff, secured by a mortgage on the property to be sold to defendant. The factual situation is similar to that in *Northeast Sav. v Rodriguez* (159 AD2d 820) involving the same bank and the same contractor. On April 12, 1987, when Best was about to abandon the project, defendant accepted a deed from Best conveying title. Defendant joined in the execution of the deed to perfect his assumption of the mortgage with a balance of $135,000. Plaintiff commenced this action to foreclose the mortgage. Defendant, while acknowledging the mortgage and a default thereunder, nevertheless defends upon the ground that much of the $135,000 alleged to have been advanced to Best was not devoted to the construction of his house. Supreme Court granted summary judgment to plaintiff on the issue of liability, but found that there was an issue of fact as to the amount due. The court found that the amount due was limited by the amount of money actually applied by the borrower (Best) for the construction of the premises and referred the issue of damages to trial after the completion of discovery. Plaintiff appeals.

As in *Northeast Sav. v Rodriguez (supra),* a valid mortgage has been established and defendant admits that there is an

unpaid balance. Moreover, here, unlike the situation in *Rodriguez,* by execution of the deed defendant expressly assumed to pay $135,000, the agreed mortgage balance, as a portion of his purchase price. This acknowledged agreement, made pursuant to General Obligations Law § 5-705, effectively estopped defendant from denying the debt *(see,* 57 NY Jur 2d, Estoppel, § 11, at 16). While defendant is entitled to a hearing to determine the precise amount actually due, he is precluded from contending that plaintiff is limited to the loan proceeds actually used in the construction. Defendant became liable to the same extent as if he was the original mortgagor *(see,* 78 NY Jur 2d, Mortgages, § 306, at 144).

Order modified, on the law, without costs, by directing an immediate hearing on the issue of damages recoverable by plaintiff, and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.