■ CHRYSLER FIRST FINANCIAL SERVICES CORPORATION OF NEW YORK, Appellant, v THELMA DE PREMIS, Respondent, et al., Defendants. [639 NYS2d 569] —Yesawich Jr., J.

On May 31, 1989, defendant Thelma De Premis was approached at her residence by two door-to-door sales representatives of Northeast Window Consultants who were selling

replacement windows. According to De Premis, on that day she entered into what she believed to be a retail installment contract for the purchase and sale of 12 replacement windows at a total cost of $11,867. De Premis gave the sales representatives a down payment of $500 and she allegedly further understood that the remaining balance due on the account would be financed through Troy Savings Bank. De Premis maintains that she was provided with a copy of only one document, the retail installment contract, and that it was a complete surprise to her when she subsequently discovered that she had apparently at some point unknowingly executed a mortgage on her home to Oxford Credit Corporation in connection with the purchase of the replacement windows.[1] This mortgage was recorded on June 21, 1989, as was the assignment of the mortgage to plaintiff. Thereafter, De Premis ceased paying for the windows, prompting plaintiff to commence this foreclosure action. Its motion for summary judgment having been denied, plaintiff appeals.

We affirm. Initially, we reject plaintiff's contention that Supreme Court erred in finding De Premis' papers sufficient to defeat the motion. On De Premis' behalf, her attorney submitted his own affidavit, an unsworn affidavit from De Premis, an affidavit from De Premis' guardian ad litem,[2] and a sworn affidavit signed by De Premis that had been submitted as part of an earlier foreclosure action commenced by plaintiff but later dismissed. While plaintiff correctly argues that the opponent of a summary judgment motion must ordinarily produce evidentiary proof in admissible form (see, CPLR 3212 [b]) or suffer defeat, it is also true that this rule is somewhat flexible, to the extent that the opposing party "may be permitted to demonstrate acceptable excuse for his [or her] failure to meet the strict requirement of tender in admissible form" (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068). Here, we find no reason to disturb Supreme Court's determination that the affidavit from De Premis' guardian ad litem provided a sufficient excuse for De Premis' failure to sign her affidavit, especially since the facts relayed in the unsworn statement are virtually identical to the ones contained in De Premis' prior sworn affidavit.

---

1. The purported mortgage is dated May 31, 1989 and is acknowledged by the subscribing witness on June 21, 1989, the day the mortgage was recorded. Plaintiff maintains that De Premis was provided with all relevant documentation, including the notice of her right to cancel the contract.

2. In the midst of these proceedings, De Premis' son was appointed as her guardian ad litem because De Premis was apparently too distraught and hysterical to sign her affidavit.

Turning to the merits, we agree with Supreme Court that De Premis' submissions have raised factual questions with respect to whether she knowingly executed a mortgage on her home, or was the victim of a fraud, and whether the sale complied with Personal Property Law article 10-A, so as to defeat plaintiff's motion for summary judgment (*see, Fulmont Mut. Ins. Co. v Toran*, 158 AD2d 829, 830).

Cardona, P. J., Crew III, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.