UNITED STATES of America, Plaintiff

v.

Constance PAUGH, Sullivan County Department of Social Services, John Does 1–10 and Jane Does 1–10 Defendants.

No. 03 CIV. 1191(SCR).

United States District Court, S.D. New York.

Aug. 27, 2004.

Judd C. Lawler, New York, NY, for Plaintiff.

Constance R. Paugh, Bloomingburg, NY, Pro Se.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. *BACKGROUND:*

The United States of America (the "Government") commenced the instant action on or about February 24, 2003, by the filing of a complaint (the "Complaint") and a notice of pendency (the "Notice of Pen-

dency"), in order to collect certain monies owed by Constance Paugh ("Ms. Paugh") pursuant to a certain promissory note and mortgage. On or about September 15, 1992, the Farmers Home Administration ("FHA"), now known as the Rural Housing Service of the United States Department of Agriculture ("RHS"), made a loan to Ms. Paugh (the "Loan"). In connection with the Loan, Ms. Paugh executed a certain promissory note evidencing the debt (the "Note")[1] and a certain mortgage securing the Note (the "Mortgage"). The Mortgage covers real property located in the Town of Mamakating, County of Sullivan[2], State of New York (the "Property"), which Property has a street address of 37 Firetower Road, Bloomingburg, New York 12721.[3]

On or about March 26, 2001, RHS sent Ms. Paugh a notice of acceleration, demand for payment and intent to foreclose in accordance with the terms and conditions of the Note and Mortgage. The Government sent Ms. Paugh a second notice of intent to foreclose and demand for payment on or about January 7, 2003. Ms. Paugh failed to make the payments demanded in those notices.[4] Subsequently, the Government commenced this lawsuit on or about February 24, 2003 and filed a motion for summary judgment and default judgment on or about December 8, 2003

(the "Government's Motion"). The Government's Motion seeks three distinct objectives, against three sets of defendants: (1) summary judgment on the foreclosure action against Ms. Paugh; (2) a default judgment against the Sullivan County Department of Social Services; and (3) dismissal of John Does 1–10 and Jane Does 1–10 from this matter. Ms. Paugh filed an opposition to the Government's Motion ("Ms. Paugh's Opposition") on or about January 30, 2004, to which the Government replied (the "Reply") on or about February 6, 2004.[5]

## II. ANALYSIS:

### A. FORECLOSURE:

■ Summary judgment is often an appropriate mechanism for the resolution of mortgage foreclosure actions. See e.g. United States v. Freidus, 769 F.Supp. 1266, 1277 (S.D.N.Y.1991). Under New York state law, three elements must be established in order to sustain a foreclosure claim: (1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default. Id. at 1277; see also Northeast Sav., F.A. v. Rodriguez, 159 A.D.2d 820, 162 A.D.2d 749, 553 N.Y.S.2d 490 (3d Dept. 1990); First Nat'l Bank v. J & J Milano,

1. The Note initially obligated Ms. Paugh to pay FHA $44,000 plus interest at the rate of 8.25% annually. (Complaint, ¶ 8). The debt has been reamortized twice, first on November 26, 1966 and then on October 13, 2000. Neither reamortization affected any of the terms or conditions of the Note or Mortgage; other than the payment schedule. (Id. at ¶ 10–11).

2. Sullivan County is within the boundaries of the Southern District of New York.

3. The Mortgage was recorded on or about September 15, 1992 in the Sullivan County Clerk's Office in Liber 1615, Page 266.

4. The last payment credited to Ms. Paugh's account was made on or about November 15, 2000. (Declaration of Benjamin H. Torrance dated December 5, 2003, Ex. 2)

5. Subsequent to the filing of the Government's Motion, this Court held a number of pretrial conferences, on March 22, 2004, April 16, 2004, May 4, 2004, July 16, 2004 and August 25, 2004, attempting to reach a settlement in this matter. Those efforts have proven unsuccessful and this Court must decide the Government's Motion.

*Inc.*, 160 A.D.2d 670, 553 N.Y.S.2d 448, 449 (2d Dept.1990). Once the plaintiff/mortgagee establishes a prima facie case of the foreclosure elements, it is entitled to foreclose unless the defendant/mortgagor makes an affirmative showing. *See e.g. Nassau Trust Co. v. Montrose Concrete Products Corp.*, 56 N.Y.2d 175, 451 N.Y.S.2d 663, 436 N.E.2d 1265 (1982). In regard to the "affirmative showing" required to be made by the mortgagor, in *Northeast Sav.*, the New York Appellate Court held that in order to "successfully withstand [the foreclosure] motion, defendant was obliged to demonstrate a bona fide defense to the mortgage." *Northeast Sav.*, 553 N.Y.S.2d at 492.

With respect to the first requisite element of a foreclosure claim, the Government has established, and Ms. Paugh has not disputed, that (a) the Note evidences the existence of the debt, and (b) the Note is secured by the Mortgage. In Ms. Paugh's Opposition, which is described as an "Affirmation in Opposition to the [Government's] Motion"[6], Ms. Paugh concedes that the Note and Mortgage evidence and secure the Loan that was made to her. (Ms. Paugh's Opposition, ¶ 3). Thus, there are no material issues in dispute surrounding the first element of the Government's foreclosure claim.

Likewise, there are no material issues surrounding the second element of a foreclosure claim, the existence of numerous defaults by Ms. Paugh on her obligations under the Note and Mortgage. In support of the Government's Motion, the Government provided a Declaration from George N. Von Pless dated November 25, 2003, which attached Ms. Paugh's payment history as Exhibit A (the "Payment History"). The Payment History reflects repeated defaults by the Plaintiff in connection with the payments due under the Note and Mortgage. Additionally, the Government asserts that Ms. Paugh further defaulted by failing to comply with provisions of the Mortgage, which required her to pay property taxes and maintain insurance on the Property. (Government's Motion, 3). The Payment History sufficiently establishes the default element, which is necessary to prove a prima facie case, and Ms. Paugh's Opposition does not make an affirmative showing to defeat the prima facie establishment of a default. Therefore, the second element of the foreclosure claim against Ms. Paugh is established.

[■] Finally, with respect to the third requisite element of a foreclosure claim, notice to the debtor, there is no question of fact that the Government provided repeated notice to Ms. Paugh. Specifically, prior to the Government filing this lawsuit, Ms. Paugh was given notice of her defaults, at an absolute minimum, on two occasions. First, a notice of acceleration, demand for payment and intent to foreclose was delivered to Ms. Paugh by the RHS on or about March 26, 2001. Second, the Government again notified Ms. Paugh of its intent to foreclose and demand for payment on or about January 7, 2003. Further, by filing the Complaint, the Government gave Ms. Paugh a third notice that she was in default under the Note and Mortgage and that the Government intended to seek foreclosure. Ms. Paugh does not, and cannot based upon the foregoing, dispute that she was given repeated notices of her default by RHS and the Government. Thus, the third element of the Government's foreclosure claim is satisfied.

**6.** Ms. Paugh's Opposition is the document filed on or about January 30, 2004 as Docket # 14.

The Government has established the three elements of a prima facie case for foreclosure as a matter of law and the Plaintiff has not made an affirmative showing of a bona fide defense that would defeat that prima facie case. Accordingly, the Government's Motion with respect to summary judgment against Ms. Paugh is hereby granted, and this Court orders the following: (1) Ms. Paugh is adjudged to be in default under the Note and the Mortgage; (2) the current amount due to the Government under the Note and Mortgage shall be determined by an inquest to be held before United States Magistrate Judge Mark D. Fox (the "Inquest"); (3) the Property shall be foreclosed and sold, with the proceeds of such sale to be first applied to the amount due to the Government under the Note and Mortgage, as calculated by the Inquest; and (4) the rights, title, claims, liens, or other interests in the Property of Ms. Paugh, the Sullivan County Department of Social Services, John Does 1–10, Jane Does 1–10 and all other persons whose claims arose subsequent to, or recorded after, the filing of the Notice of Pendency are barred and foreclosed.

### B. DEFAULT JUDGMENT:

The Government's Motion has also moved, pursuant to Rule 55 of the Federal Rules of Civil Procedure, for the entry of a default judgment against the Sullivan County Department of Social Services. However, the Government's Motion does not comply with Local Rule 55.2(b) of the Local Civil Rules of the United States District Courts for the Southern District. More particularly, the Government's Motion does not include (a) a clerk's certificate of default, (b) a copy of the claim to which no response has been made, or (c) a proposed form of default judgment. Accordingly, the Government's Motion for a default judgment is deferred pending the submission of papers that conform to the required procedures, including without limitation Local Rule 55.2.

### C. DISMISSAL:

Finally, the Government's Motion has requested an order dismissing John Does 1–10 and Jane Does 1–10 from this action. This Court hereby orders such dismissal.

### III. CONCLUSION:

For the reasons set forth more fully above, the Government's Motion is (a) granted with respect to its motion for summary judgment against Ms. Paugh, (b) deferred with respect to its request for the entry of default judgment against Sullivan County Department of Social Services and (c) granted with respect to its request for dismissal of John Does 1–10 and Jane Does 1–10.

It is so ordered.